**Timothy D. GOSS, Plaintiff—Appellant,**

v.

**State of OREGON; Oregon State Police Department, an agency of the State of Oregon; Hood River County, a political subdivision; Hood River District Attorney's Office, an agency of the political subdivision Hood River**

---

County; Hood River Sheriff's Department, an agency of the political subdivision of Hood River County; John Sewell, in his official and individual capacity; Shelley Webb, in her official and individual capacity; Richard Morgan, in his official and individual capacity; Jason Hansen, in his official and individual capacity; Dan Hunt, in his official and individual capacity; Jackie Henson, in her official and individual capacity, Defendants—Appellees.

No. 00–35987.
D.C. No. CV–00–212–OMP.

United States Court of Appeals,
Ninth Circuit.

June 10, 2002.

Before: TROTT and T.G. NELSON, Circuit Judges, and RHOADES,* District Judge.

MEMORANDUM**

PANNER, Senior Judge, Presiding.

We affirm the district Court's partial dismissal and partial summary judgment for defendants on immunity grounds.

The district court properly dismissed Goss's claim against District Attorney Sewell because a prosecutor's decision to file

charges is afforded absolute immunity.[1] Even if we accept Goss's contention that Sewell took himself out of his prosecutorial role by signing the criminal complaint as a complaining witness, Sewell would be entitled to qualified immunity for the reasons discussed below.

The district court did not abuse its discretion by denying Goss's motion to amend his complaint. A prosecutor's decision as to when to dismiss charges is entitled to absolute prosecutorial immunity because it is "intimately associated with the judicial phase of the criminal process"[2] and involves the prosecutor's "role as advocate for the State."[3] Thus, Goss had no chance of prevailing on his claim that Sewell should have dismissed the charges sooner, and the district court properly denied Goss's motion to amend.

The district court properly granted summary judgment to the individual defendants Hood River County and Hood River County Sheriff's Department on qualified immunity grounds. Ms. Goss's serious injuries, history of abuse by Goss, and statements to police would lead a reasonable officer to find probable cause to arrest Goss for burglary, assault, and rape.[4] Goss's contention that the district court impermissibly weighed evidence at the summary judgment stage lacks merit.

Finally, Goss has presented no legal argument that the district court abused its discretion by denying his motion to strike

---

** The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

1. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

2. *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

3. *Burns v. Reed*, 500 U.S. 478, 491, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).

4. See *Choi v. Gaston*, 220 F.3d 1010, 1012 (9th Cir.2000) (holding that qualified immunity protected a police officer when his reliance on inaccurate information to find probable cause for an arrest was not objectively unreasonable).

certain evidence. We therefore do not consider this contention.[5]

AFFIRMED.

---

5. *See Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.").

